IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIUS J. SANGSTER, et al.,      )
                                 )
            Plaintiffs,          )
                                 )
    v.                           )    No.  13 C 8488
                                 )
MICHAEL LEMKE, et al.,           )
                                 )
            Defendants.          )

MEMORANDUM ORDER

Julius Sangster ("Sangster," an inmate at Stateville Correctional Center ("Stateville"), and Cynita Collins ("Collins," identified as "a free citizen of the State of Illinois") have joined in a Complaint charging Stateville's Warden and two assistant Wardens with a violation of their constitutional rights.  There are several problems with the Complaint (which was prepared on the form made available by the Clerk's Office for prisoners seeking to advance claims under 42 U.S.C. §1983 ("Section 1983")) and with its accompanying documents, also prepared on forms made available by the Clerk's Office:  an In Forma Pauperis Application ("Application") signed only by Sangster and a Motion for Attorney Representation ("Motion") signed by both plaintiffs.  This memorandum order is issued sua sponte because those deficiencies are fatal to the Complaint and this action.

Although as explained a bit later the Complaint is deficient from a substantive point of view, something should be said about

procedural deficiencies in the papers as well. As the preceding sentence indicates, plaintiffs' filing contains more than one such defect.

First, no Application has been filled by Collins, so that at this point she cannot proceed without paying the $400 filing fee. As for Sangster, his Application has deliberately omitted the statutorily required printout of transactions in his trust fund account at Stateville (and at any other custodial institution where he may have been held during the past six months).[1] Because that information is essential to permit this Court to make the required calculation under 28 U.S.C. §1915, Sangster does not qualify for the special type of in forma pauperis ("IFP") treatment afforded to persons in custody (that special arrangement permits an inmate plaintiff to proceed without prepayment of a $350 filing fee, with the inmate obligated to pay the full amount in future installments). But in any event IFP status could not be granted without a showing by both plaintiffs--and here neither one has shown entitlement to such status.

As for the Motion, although both plaintiffs did sign the form, neither of them filled in the required information as to efforts made to obtain counsel on his or her own. Under the

---

[1] That omission is no accident--Sangster has crossed out the portion of the form that calls for a certificate to be signed by the fiscal person at Stateville.

2

teaching of our Court of Appeals, that information is essential before a court may consider obtaining counsel to represent an indigent plaintiff who may be entitled to legal assistance.

As stated earlier, those matters are procedural. But even if they were cured, the Complaint would remain deficient as a substantive matter. Plaintiffs complain that Collins came to Stateville in April of this year to visit Sangster but was denied the opportunity to do that because of a policy that prohibits prisoners in segregation from receiving visits. That type of limitation, applicable to inmates who have posed some type of prison security problems that has caused them to be placed in segregation, is plainly a reasonable institutional regulation--certainly not one that has impinged on the constitutional rights of the prisoner so restricted.

Indeed, nearly three decades ago the Supreme Court held that a county jail's policy of denying <u>all</u> detainees contact visits with spouses, relatives, children and friends did not violate the Constitution (<u>Block v. Rutherford</u>, 468 U.S. 576, 585-89 1984))--and since then that principle has consistently been applied in cases such as--in this Circuit alone--<u>Caldwell v. Miller</u>, 790 F.2d 589, 601 n. 16 (7th Cir. 1986) and <u>Saleem v. Helman</u>, 1997 WL 527769 at *2 (an unpublished opinion reported at 124 F.3d 205 (7th Cir. 1997)).

In summary, the Complaint has failed to state a claim upon

which relief may be granted, thus justifying its dismissal and the dismissal of this action under 28 U.S.C. §1915A(b)(1), and this Court so orders. That in turn calls for the denial of both the Application and the Motion as moot, and this Court orders that as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 27, 2013